# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILL G. PERRY FAMILY DESIGN, INC., et al., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-15-270-R<br>) |
| MASHBURN FAIRES HOMES, L.L.C., et al., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

Defendants Shane Mashburn and Darren Faires have filed a Motion to Dismiss [Doc. No. 14], arguing that Plaintiffs have failed to state a claim against them. Plaintiffs responded to the motion and conceded, in part, that the weight of authority from this Court is against them, but arguing the Court should retain the claims against the two members of Defendant Mashburn Faires Homes, L.L.C. Having considered the parties' submissions, the Court finds as follows:

Plaintiffs filed this action alleging that Defendant Mashburn Faires Homes, L.L.C. infringed on copyrights Plaintiffs own, by using building plans, which were sold to Defendants as single-use plans but which Defendants misappropriated for constructing multiple units. Plaintiffs pled that Defendants Mashburn and Faires were the owners/managers of Defendant Mashburn Faires Homes, L.L.C., and that the LLC is an instrumentality of Defendants Mashburn and Faires. Plaintiffs also allege they own copyrights with regard to architectural works and house designs, which Defendants have

infringed. Plaintiffs allege that the Mashburn Defendants caused Defendant Dittmer to prepare and disseminate plans and drawings based on their copyrighted work, and that Defendants have infringed in other manners related to advertisements and promotions and dissemination of copyrighted works as well as building homes using the plans. Plaintiffs rely on federal copyright law in support of these claims. Plaintiffs also allege claims of breach of contract because Defendant Mashburn Faires Homes, L.L.C., purchased single-use licenses but utilized the plans more than one time, in violation of their contract.

Defendants contend dismissal is required because Oklahoma law does not permit a claim for vicarious liability/alter ego/piercing of the veil of the limited liability corporation unless and until a judgment is entered in Plaintiffs' favor against the LLC and Plaintiffs are unable to collect on the judgment. *See* Okla. Stat. tit. 12, § 682. Defendants also contend Plaintiffs have failed to sufficiently allege claims against them, even if § 682 does not bar recovery against them individually.

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A complaint need not contain detailed factual allegations, but a plaintiff is obligated to provide the grounds of entitlement to relief that consists of more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court accepts the facts alleged in the complaint as true, even if doubtful in fact, *see id*., and views all reasonable inferences

from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewics v. Sorema, N.A.,* 534 U.S. 506, 511 (2002) (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Defendants first contend that the Complaint fails to provide direct allegations or sufficient factual inferences that they bear personal liability for copyright infringement and breach of contract. Defendants next contend that Oklahoma law prohibits the theories of vicarious liability and alter ego until such time as plaintiffs have obtained a judgment against Mashburn Faires Homes, L.L.C. and the execution thereupon is unsatisfied. *See* Okla. Stat. tit. 12, § 682(B) and (D).

Individuals can be held labile for violation of copyright without regard to the theories of vicarious liability about which Defendants object. Plaintiffs have sufficiently alleged that Mashburn Faires Homes, L.L.C., acted through these two persons and that these two individuals, as owners, received the benefit of its allegedly infringing activities. *See Home Design Services, Inc. v. Starwood Const., Inc.*, 801 F.Supp.2d 1111, 1120 (D. Colo. 2011)("A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity." *quoting Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004)(internal quotation marks omitted), cited with approval by *La Resolana Architects, PA*

*v. Reno, Inc.*, 555 F.3d 1171, 1181 (10th Cir. 2009). "[O]ne who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Defendants cite to no law that would permit them to avoid liablity on Plaintiffs' federal claims under a theory based solely in state law when federal courts have routinely extended coverage to such persons. As such, despite Defendants' contentions that state law precludes such liability, the Court finds that under the governing federal copyright law, the Court concludes their contentions are incorrect. Defendants Mashburn and Faires are not entitled to dismissal of Plaintiffs' copyright infringement claims.[1]

However, the Court agrees with Defendants that § 682(D) applies to Plaintiffs' state law claim for breach of contract and therefore dismissal of that claim is appropriate. Defendants' arguments to the contrary is unavailing and Defendant has failed to sufficiently challenge the constitutionality of § 682(D).

For the reasons set forth herein, Defendant Mashburn and Defendant Faire are entitled to dismissal with regard to Plaintiff's breach of contract claim, as any such claim is premature. With regard to Plaintiffs' claims for copyright infringement, the motion to dismiss is hereby DENIED.

---

[1] Plaintiffs did little to support their theory that § 682 should not apply, limiting their argument regarding the federal nature of their claims to the statement that "12 O.S. § 682 is inapplicable to purely federal question claims, such as the copyright violations set forth in Plaintiff's petition." Doc. No. 18, p. 4 (footnote omitted).

IT IS SO ORDERED this 1st day of July, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE