# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

BILL G. PERRY FAMILY DESIGN, )
INC., et al., )
                Plaintiff, )
)
v. )   Case No. CIV-15-270-R
)
MASHBURN FAIRES HOMES, )
L.L.C., et al., )
)
                Defendants. )

## ORDER

This matter comes before the Court on the Motion for Judgment on the Pleadings filed by Defendants (Doc. No. 44). The dispute herein is premised on allegations that Defendants breached copyrighted materials owned, at the time of the filing of suit, in part by Bill Perry, Sr. Mr. Perry died after the filing of this suit and the co-representatives of his estate were substituted as Plaintiff's for Mr. Perry, Sr.'s claims. No other claims are at issue in the instant motion. Defendants contend the Court erred in permitting the substitution of the original Plaintiff because Rule 25(a) only permits substitution in the event a party dies and the claim is not extinguished. The co-representatives disagree and have responded in opposition to the motion.

"After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties. *See Kruzitis v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994). A motion

pursuant to Rule 12(c) is generally treated in the same manner as a motion to dismiss under Rule 12(b)(6). *See Ramirez v. Wal–Mart Stores, Inc.*, 192 F.R.D. 303 (D.N.M. 2000)(citation omitted). The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Adams v. Jones*, 577 Fed.Appx. 778 (10th Cir. 2014)(quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.2d 1239., 1244 (10th Cir. 2006)), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 Fed.Appx. 750, 753 (10th Cir. 2013).

Defendants argue that the 1884 Supreme Court decision in *Ex parte Schreiber*, 110 U.S. 76 (1884), applies and requires judgment in their favor on the co-representatives' claims. The Court disagrees. *Ex parte Schreiber* remains good law with regard to certain of its pronouncements, however, in light of the development of copyright law since its pronouncement, it cannot be blindly applied in all copyright actions. Rather, its holdings must be considered in the context of the then-applicable copyright law.[1] The claims in *Schreiber* were premised on Section 4965 of the 1873 Copyright Act, which provided:

> If any person, after the recording of the title of any map, chart, musical composition, print, cut, engraving, or photograph, or chromo, or of the description of any painting, drawing, statue, statuary, or model or design intended to he perfected and executed as a work of the fine arts, as provided by this chapter, shall, within the time limited, and without the consent of the proprietor of the copyright first obtained in writing, signed in presence of two or more witnesses, engrave, etch, work, copy, print, publish, or import, either

---

[1] *Schreiber* provides that the survival of an action based on federal law depends on the federal common law when the statute makes no provision for survival. 110 U.S. at 80. Furthermore, contrary to Plaintiffs' contention that the Court's statement that it applies to both claims by a plaintiff and against a defendant is mere "*obiter dictum*," cannot stand in light of the authority of the Tenth Circuit. *See Smith v. Dept. of Human Servs.*, 876 F.2d 832, 834-35 (10th Cir. 1989)(Citing The general rule under the federal common law is that an action for a penalty does not survive the death of the plaintiff" and applying the analysis to a claim for liquidated damages under the ADEA.).

2

> in whole or in part, or by varying the main design with intent to evade the law, or, knowing the same to be so printed, published, or imported, shall sell or expose to sale any copy of such map or other article, as aforesaid, he shall forfeit to the proprietor all the plates on which the same shall be copied, and every sheet thereof, either copied or printed, and shall further forfeit one dollar for every sheet of the same found in his possession, either printing, printed, copied, published, imported, or exposed for sale; and in case of a painting, statue, or statuary, he shall forfeit ten dollars for every copy of the same in his possession, or by him sold or exposed for sale; one-half thereof to the proprietor and the other half to the use of the United States.

As such, the provision was inherently penal, awarding half of the forfeited amounts to the United States, and thus would be considered a suit to advance a public right as well as to vindicate a private right. *See Acebal v. United States*, 60 Fed.Cl. 551, 555 (Fed.Cl. 2004); *Murphy v. Household Finance Corp.*, 560 F.2d 206 (6th Cir. 1977)(setting forth a three-factor analysis for assessment of whether a federal statute is penal or remedial, including whether the recovery runs to the harmed individual and whether the recovery is wholly disproportional to the harm suffered.).

Here, unlike in § 4965, there is no provision of § 504(a)(1) or (2) that results in benefit to the public such that the provisions can be characterized as inherently penal. As such, the Court declines Defendants' motion to the extent they assert that as a matter of law substitution of the representatives of Bill Perry's estate was inappropriate on the claims of copyright infringement claims because the claims were extinguished upon Bill Perry, Sr.'s death.

Defendants make an alternative argument seeking to limit damages for the claims asserted by the co-representatives to actual damages, contending that enhanced statutory

3

damages and disgorgement of profits cannot be recovered. In their opening brief this argument by Defendants is premised entirely on *Schreiber*, which the Court has concluded is not directly applicable herein. In their reply Defendants rely on cases wherein courts have noted that 17 U.S.C. § 504(c)(2), which permits damages of not more than $150,000 if the court finds willful infringement, generally achieves the goal of punishment and deterrence. The shortcoming with this argument, however, is that not all statutory damages are considered penal and therefore abate upon the death of a party. Furthermore, Defendants cite to no authority that disgorgement of profits is penal. Rather, it is designed to prevent an infringer from profiting from infringement and thus considered an equitable remedy. As a result, the undersigned concludes that Defendants have failed to establish as a matter of law that the co-representative Plaintiffs should be limited to actual damages suffered by Mr. Perry, Sr. as asserted in the motion.

For the reasons set forth herein, Defendants' Motion for Judgment on the Pleadings is DENIED.

**IT IS SO ORDERED** this 15th day of August, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE